## FEDERAL OPINIONS
### Epitomized Cases

### No 336
### FARKAS v. UNITED STATES
U. S. Appeals, 6th Circuit
No 4047. Decided Dec. 13, 1924.

**1273. WITNESSES—1. Promises of, or hopes for immunity are admissible as affecting credibility. 2. Instruction of court to counsel to refrain from arguing the matter as affecting motives of, is reversible error.**

**1171. THREATS—Indictment for withholding for a consideration, information as to law violation, held sufficient, although it is not specified from whom it is withheld.**

MACK, J.

Genza Farkas was convicted of receiving money under threat of informing or as consideration for not informing of violation of laws of United States Prohibition Act, in the Western Division, of the Northern District of Ohio, Dist. Court. He was sentenced to one year imprisonment and fined $1,000 on two counts in the indictment. Victims of alleged threats were Wm. Suto, Mike Mincheff and Steve Banyas and the counts in the indictment were identical. Count 1 charged that Farkas, under threats to Suto of informing, or for a consideration to refrain from informing of his (Suto's) liquor activities.

The testimony established that Farkas promised protection from officers if they would pay him $50 each; that he would "fix it" in case they were caught violating the National Prohibition Act.

Suto, the prosecuting witness, had before time for trial pleaded guilty to an indictment in the Federal Court. Inasmuch as the question for turning State's evidence is involved, the question as to his motive in so doing is raised. It was therefore, proper to show during the trial, that Suto hoped he would secure an immunity, a lighter sentence or other favorable treatment in return for testifying. The fact that a plea of guilty had long since been entered and the witness had not yet been sentenced is proper evidence to show the existence of such hope for immunity.

The failure to charge the jury in regards to delay in sentence as bearing on the hope of a lighter sentence, by the judge; and his instruction to counsel not to argue the matter as affecting motives of Suto, Micheff and Banyas, is such a error as is necessary to compel a reversal. Judgment reversed and remanded.

Attorneys—Scott Stahl and John B McMahon, Toledo, for Farkas; A. E. Bernsteen, Cleveland, and George E Reed, Toledo, for United States.

### No. 337
### In Re BY-PRODUCTS CO.
U. S. Appeals, 6th Circuit
Nos. 4192, 4193. Decided Nov. 3, 1924.
For full opinion, see 2 Fed. (2d) 664.

**127. BANKRUPTCY—Court of, has power to permit a state court to adjudicate rights against the bankrupt, and may refuse to enjoin the adverse parties from proceeding with the suit.**

MACK, J.

These are appeals from U. S. District Court N. D. Ohio, from an order dissolving an injunction theretofore issued on petition of a creditor of the bankrupt, restraining Chas. Mabee and the Long Point Creameries Co. from further prosecuting in the court of appeals of Lucas County in an action of the By-Products Recovery Co. against Mabee and the Creameries Co. until the further order of the court.

Several years previous to the filing of the voluntary petition in bankruptcy, the By-Products Co. had brought suit in the state court, and soon after in the federal court, restraining Mabee and the Creameries Co. from interfering with certain patents in the possession of the By-Products Co. and Mabee perfected an appeal to the Lucas Court of Appeals. The Federal District Court held that the matters in controversy had been adjudicated in the state court; and the petition of the By-Products Co. in the federal court was dismissed.

The Lucas Appeals, in the meantime, states that a decree would be entered reversing the lower court and a conveyance to Mabee by the Recovery Co. of all rights in the said patents would be in order. Before such decree was entered, the Recovery Co. filed a petition in voluntary bankruptcy and the court stayed further proceedings.

Subsequently the injunction staying proceedings by the Bankruptcy Court and the Trustee in Bankruptcy brings the appeal. The Circuit Court of Appeals held:

1. The District Judge sitting in bankruptcy acted wisely in dissolving the ex parte injunction, which would have prevented the state court from effecting the conclusion reached and expressed by it in a controversy in which its aid had been invoked by the bankrupt itself.

2. The rights in the patents, of the Recovery Co., under the Bankruptcy Act, vested in the Trustee; and subject to the obligations in respect thereto the Recovery Co. had incurred.

3. The only effect of the dissolution of the injunction will be to enable the state court to correct what has been held by the state court of appeals to be an erroneous decree of the lower state tribunal.

On both, the appeal of the original creditor